■ In the Matter of DOBBS FERRY SYNDICATE, INC., Appellant, v. FRED G. JENTES, Respondent.— In a summary proceeding to recover possession of an apartment, based on the nonpayment of rent, the landlord appeals from an order of the County Court, Westchester County, dated July 5, 1960, which: (a) grants the tenant's motion to vacate the final order of the Justice's Court, Town of Greenburgh, entered April 26, 1960, upon his default; (2) allows him to interpose a counterclaim; and (3) remits the proceeding to the Justice's Court for trial. Order of the County Court affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ In the Matter of ALLEN FLEISHMAN, an Infant, Appellant. LOUIS CANNER, Respondent.— In a proceeding under the Domestic Relations Court Act of the City of New York (§ 71), to declare a child to be delinquent by reason of certain claimed acts of misconduct, the child appeals: (a) from a judgment of the Children's Court Division of the Domestic Relations Court, dated September 12, 1960, adjudging him to be a delinquent after a nonjury trial; and (b) from the orders of said court, made October 6, 1960, denying his motions to set aside such adjudication on the ground that it is contrary to the law and the facts and on the ground of newly discovered evidence. Judgment reversed on the law and the facts, without costs, and new trial ordered. Appeal from orders dismissed; no orders are printed in the record and it appears that no orders were entered on the motions. The proof as to the child's misconduct was given by three other children, each 10 years of age. None of them testified under oath. Their testimony was unequivocally denied by the accused. At the trial, neither the petitioner nor any of the children was represented by counsel or subjected to cross-examination. In view of the sharply conflicting assertions, there should be a new trial in the interests of justice, in order to test by appropriate cross-examination, with the aid of present counsel for the child and with the aid of the City Corporation Counsel for petitioner, the credibility of the respective witnesses. Upon the new trial the parties will also have the opportunity to adduce all available additional proof; and the determination of the trial court may then be based upon an adequate and complete record. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.